OPINION
{¶ 1} Plaintiff-appellant Mark Bolton, M.D. appeals the June 4, 2003 Judgment Entry entered by the Muskingum County Court of Common Pleas, which granted the Motion to Stay Proceedings and to Compel Arbitration filed by defendants-appellees Muskingum Emergency Physicians, Inc., et al.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 26, 2002, appellant filed a complaint against Muskingum Emergency Physicians, Inc., and its shareholders and board of directors, Charles M. Feicht, Jr., D.O.; William C. Graffeo, M.D.; Roland V. Long, M.D.; Eric Newsom, M.D.; Michael R. Schuster, M.D.; and Joseph F. Stein, D.O. The complaint set forth three causes of action: breach of fiduciary duty, shareholder derivative action, and an accounting. Appellees filed their answer on August 14, 2002, after receiving leave to plead from the trial court.
 {¶ 3} On December 6, 2002, appellant filed a Motion for Leave to File a First Amended Complaint, seeking to add a fourth claim for redemption of stock under appellee Muskingum Emergency Physicians, Inc.'s Stock Redemption Agreement. The trial court granted appellant's motion for leave via Judgment Entry filed January 6, 2003. Appellees filed a timely answer to the first amended complaint. Subsequently, on March 13, 2003, appellant filed a Motion for Leave to File a Second Amended Complaint, seeking to add a fifth claim for payment of his bonus in accordance with his employment agreement with appellee Muskingum Emergency Physicians, Inc. The trial court granted appellant's motion for leave on April 2, 2003. Appellees filed a timely answer to the second amended complaint motion.
 {¶ 4} On May 20, 2003, appellees filed a Motion to Stay Plaintiff's Proceedings and to Compel Arbitration. Appellees argued appellant's fifth claim in which appellant sought payment of a quarterly bonus as well as an annual bonus, should be submitted to arbitration pursuant to para. 27 of the Employment Agreement between appellant and appellee Muskingum Emergency Physicians, Inc.
 {¶ 5} Para. 27 of the agreement provides:
 {¶ 6} "Any controversy or claim arising out of or relating to this Agreement or breach thereof with the exception of any matter relating to injunctive relief as set forth in this Agreement shall be settled by binding arbitration in the City of Zanesville, County of Muskingum, State of Ohio in accordance with the rules then established by the American Arbitration Association. Any such decision rendered by said arbitration May be entered as judgment in any court having jurisdiction hereof. However, with respect to the selection of arbitrators, the parties to this Agreement agree that each party shall select their own respective arbitrator and the two (2) arbitrators so selected shall then select a third. * * * All costs of arbitration, excluding attorney fees incurred by the parties, shall be divided equally between the CORPORATION and the PHYSICIAN."
 {¶ 7} Appellant filed a memorandum contra, asserting appellees waived their right to arbitration as they failed to raise arbitration in their answer to the second amended complaint. Further appellant argued, assuming appellees properly invoked the arbitration provision for the fifth claim, the trial court should not stay the proceedings relative to claims 1-4 pending resolution of the fifth claim through arbitration. Via Judgment Entry filed June 4, 2003, the trial court granted appellees' motion and stayed the entire proceedings.
 {¶ 8} On June 13, 2003, appellant filed a Notice of Voluntarily Dismissal of Count Five. Subsequently, on June 16, 2003, appellant filed a Motion for Expedited Reconsideration, or in the Alternative, Motion to Lift Stay, explaining his dismissal of the fifth claim rendered the stay unnecessary and prejudicial as the remaining claims which were not arbitrable. Appellees filed a memorandum contra. Appellant requested leave to file a reply brief instanter on July 9, 2003. The trial court did not rule on appellant's motion for expedited reconsideration, or his motion to file a reply brief instanter.
 {¶ 9} It is from the June 4, 2003 Judgment Entry appellant appeals, raising the following assignment of error:
 {¶ 10} "I. The trial court erred in staying the entire case based on an arbitration provision contained in appellant's employment agreement."
 I {¶ 11} In his sole assignment of error, appellant maintains the trial court erred in staying the entire proceedings pending arbitration of claim five. Appellant presents three issues for review: 1) whether appellees waived their arbitration rights; 2) whether the trial court erred in staying the entire proceedings when only one claim is arbitrable and the remaining claims are unrelated; and 3) whether the trial court's order staying the entire proceedings is moot, following appellant's voluntary dismissal of count five.
 {¶ 12} We need not address the merits of appellant's assignment of error. Once appellant voluntarily dismissed claim five, which was the only claim subject to arbitration and the only claim for which appellees sought arbitration in their motion to stay and to compel arbitration, the stay expired by its own terms. Once the stay was lifted, there is no longer a justiciable controversy as to whether the granting of the stay was appropriate; therefore, there is no issue to be addressed on appeal.
 {¶ 13} Accordingly, appellant's appeal is dismissed.
Hoffman, P.J., Farmer, J. and Wise, J. concur.